TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 17-602 |
|  | : |  |
| of | : | April 9, 2019 |
|  | : |  |
| XAVIER BECERRA | : |  |
| Attorney General | : |  |
|  | : |  |
| ANYA M. BINSACCA | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____

THE HONORABLE SHARON QUIRK-SILVA, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:

The Density Bonus Law (Gov. Code, §§ 65915-65918) rewards real estate developers who provide affordable housing by permitting them to build additional units, called "density-bonus units." May a city or county condition its grant of a developer's application for a density bonus upon the developer's payment of a "public benefit fee" that is imposed only on the density-bonus units?

CONCLUSION

No. A city or county may not condition its grant of a developer's application for a density bonus under the state Density Bonus Law upon the developer's payment of a public benefit fee imposed only on the density-bonus units.

1

ANALYSIS

Under the Planning and Zoning Law,[1] "[t]he Legislature has required every county and city to adopt 'a comprehensive, long-term general plan for the physical development of the county or city . . . .'"[2] The general plan provides a roadmap for future development, as well as the city's or county's "fundamental policy decisions about such development."[3] A general plan is required to include, among many other things, "a statement of the standards of population density and building intensity recommended for the various districts . . . ."[4]

The Legislature has enacted several statutes aimed at redressing the shortage of affordable housing in the state, including section 65915, the Density Bonus Law[5] at issue here. The Density Bonus Law incentivizes the building of affordable housing by granting developers "a density increase over the otherwise maximum allowable gross residential density,"[6] as well as other incentives or concessions,[7] in return for a commitment to provide affordable housing as part of a development project.[8] "In other words, the Density Bonus Law 'reward[s] a developer who agrees to build a certain percentage of low-income housing with the opportunity to build more residences than would otherwise be permitted

---

[1] Gov. Code, §§ 65000-66210. Future undesignated statutory references are to the Government Code.

[2] *Friends of Lagoon Valley v. City of Vacaville* (2007) 154 Cal.App.4th 807, 815, quoting Gov. Code, § 65300.

[3] *Ibid.*; see also Gov. Code, § 65302 ("general plan shall consist of a statement of development policies and shall include a diagram or diagrams and text setting forth objectives, principles, standards, and plan proposals").

[4] Gov. Code, § 65302, subd. (a).

[5] Gov. Code, § 65915. The law governing density bonuses is contained in Government Code sections 65915 through 65918, which are often collectively referred to as the Density Bonus Law.

[6] Gov. Code, § 65915, subd. (f).

[7] Gov. Code, § 65915, subd. (b). The other incentives or concessions may include waivers or reductions of development standards, such as setbacks or ratio of required parking spaces, and approval of mixed-use zoning. (Gov. Code, § 65915, subd. (k).)

[8] The Density Bonus Law provides similar incentives for building senior housing; housing for transitional foster youth, disabled veterans, or homeless persons; and child care facilities. (Gov. Code, § 65915, subds. (b)(1)(C), (b)(1)(E), (h).)

2

by the applicable local regulations.'"[9]  In general, the larger the percentage of affordable housing included in the project and the needier the population served, the larger the density bonus.[10]  Furthermore, if the developer meets the requirements of section 65915, the city or county *must* award a density bonus.[11]

We are informed that several cities[12] have adopted ordinances that condition the grant of a density bonus under section 65915 on the payment of a public benefit fee imposed only on the additional units provided by the density bonus.  Public benefit fees can include monetary contributions toward community improvements, such as bicycle paths, public parking, and open spaces, as well as the actual provision of such improvements.  Does such an ordinance run afoul of the Density Bonus Law?

This is a question of preemption.  Although "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws,"[13] a local ordinance that conflicts with the state Planning and Zoning Law is invalid.[14]  A conflict exists, and the ordinance is preempted, if the local

---

[9] *Friends of Lagoon Valley v. City of Vacaville*, *supra*, 154 Cal.App.4th at p. 824, quoting *Shea Homes Limited Partnership v. County of Alameda* (2003) 110 Cal.App.4th 1246, 1263.

[10] Gov. Code, § 65915, subd. (f); see *Friends of Lagoon Valley v. City of Vacaville*, *supra*, 154 Cal.App.4th 807, 824 ("Although application of the statute can be complicated, its aim is fairly simple:  When a developer agrees to construct a certain percentage of the units in a housing development for low or very low income households, or to construct a senior citizen housing development, the city or county must grant the developer one or more itemized concessions and a 'density bonus,' which allows the developer to increase the density of the development by a certain percentage above the maximum allowable limit under local zoning law").

[11] Gov. Code, § 65915, subd. (b) ("A city, county, or city and county *shall* grant one density bonus . . .), emphasis added; see also Gov. Code, § 14 ("'shall' is mandatory"), *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1143 (when interpreting statutes, presumption is that "shall" is mandatory).

[12] The Density Bonus Law expressly applies to both general law cities and charter cities. (Gov. Code, § 65918.)

[13] Cal. Const., art. XI, § 7.

[14] *Shea Homes Ltd. Partnership v. County of Alameda*, *supra*, 110 Cal.App.4th at p. 1259.

legislation is contradictory to general law.[15]

Legislative intent is clear with respect to density bonuses and other incentives for building affordable housing: "In enacting this chapter it is the intent of the Legislature that the density bonus or other incentives offered by the city, county, or city and county pursuant to this chapter shall contribute significantly to the economic feasibility of lower income housing in proposed housing developments. In the absence of an agreement by a developer in accordance with Section 65915, a locality shall not offer a density bonus or any other incentive that would undermine the intent of this chapter."[16] Section 65915 itself also states, "This chapter shall be interpreted liberally in favor of producing the maximum number of total housing units."[17] As we have observed, "It is apparent that the intent of the legislative scheme as a whole is to encourage the construction of housing for persons and families of low or moderate income. The Legislature has essentially directed cities and counties to provide incentives to housing developers in return for the construction of housing units for such persons and families."[18]

The type of ordinance at issue here—one that imposes a fee only on additional units allowed as a density bonus—contradicts the Density Bonus Law. Rather than encourage construction of affordable housing, such a fee taxes developers for acquiring density bonuses. Thus the local law disincentives what the state law means to incentivize. Therefore, we conclude that an ordinance imposing a fee only on units created through a density bonus under section 65915 is invalid.

Courts have reached similar conclusions where a local law or practice has diminished the benefits of the Density Bonus Law. For instance, a county required a certain amount of affordable housing in new developments, but did not count those units in calculating a density bonus under section 65915. The court found the county ordinance invalid as conflicting with the Density Bonus Law.[19] "To the extent the ordinance requires a developer to dedicate a larger percentage of its units to affordable housing than required by section 65915, the ordinance is void."[20] Likewise, a court rejected a city's growth-control ordinance that expressly excluded low-income and senior housing built with a

---

[15] *Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 897-898.

[16] Gov. Code, § 65917.

[17] Gov. Code, § 65915, subd. (r).

[18] 64 Ops.Cal.Atty.Gen. 370, 372 (1981).

[19] *Latinos Unidos Del Valle De Napa y Solano v. County of Napa* (2013) 217 Cal.App.4th 1160, 1169.

[20] *Ibid*.

4

density bonus from the enumerated exemptions to the city's established growth limit. The court held that the city's ordinance was invalid because it conflicted with the Density Bonus Law by discouraging developers from proposing housing that would otherwise qualify for bonuses.[21]

In sum, an ordinance conditioning the grant of a bonus under the state Density Bonus Law upon payment of a public benefit fee imposed only on the density bonus units is inimical to the Density Bonus Law itself and, therefore, invalid.[22]

*****

---

[21] *Building Industry Assn. v. City of Oceanside* (1994) 27 Cal.App.4th 744, 770; see also *Friends of Lagoon Valley v. City of Vacaville*, *supra*, 154 Cal.App.4th at pp. 825-826 (section 65915 sets 35% as the highest density bonus a locality is *required* to give; to prevent cities and counties from offering higher density bonuses would undermine policy of providing incentives to developers to build low-income and senior housing); 63 Ops.Cal.Atty.Gen. 478, 480 (1980) (local government may comply with Density Bonus Law by providing incentives or concessions alternative to those enumerated in the statute so long as they are acceptable to the developer and "contribute significantly to the economic feasibility of low and moderate income housing . . . ").

[22] Because we conclude that a city or county may not condition its grant of a density bonus under section 65915 upon the developer paying a public benefit fee imposed only on the density bonus units, we need not answer the additional question posed to us, which presents the same issue under more specific circumstances: Where a city ordinance allows a developer to increase the otherwise maximum allowable base residential density of its development project to a "Tier 1 density" if it agrees to pay a public benefit fee on the units above the standard base density, and the developer agrees to pay that fee to obtain such an increase, may the city condition its grant of the developer's application for a density bonus, above the Tier 1 density, under the state Density Bonus Law upon the developer's payment of an additional public benefit fee assessed only on the units granted under the Density Bonus Law? We have not been asked, and express no opinion about, the validity of the portion of the ordinance described in this question that allows a developer to increase the generally allowable maximum residential density by paying a fee imposed on the additional units.

5